UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| NATHANYAH BEN ISRAEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-693-DCR |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES SAMUELS, JR., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

The Plaintiff, Nathanyah Ben Israel (Israel), is an inmate confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"). Proceeding *pro se*, he has filed a complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1]  The Court screens complaints asserting *Bivens* claims pursuant to 28 U.S.C. §1915A.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

## BACKGROUND

Israel asserts three claims.  First, he claims that, on November 3, 2004, Defendant Samuels violated Bureau of Prisons' (BOP) Program Statement 1060.11(2)(a) and the Eighth Amendment's prohibition against cruel and unusual punishment by "triple bunking" the eighty-three (83) square foot cells at FCI-Manchester.  Second, Israel asserts that, on August 22, 2005, Defendant Schott "abrogated" the "private administrative judgment" for one-and-a-

1

half-million dollars that Plaintiff had obtained against Defendant Samuels, presumably in some further violation of Israel's rights. Finally, he contends that, on November 13, 2005, he was placed in a special housing unit and denied shower shoes, a radio, legal materials, skin conditioner, recreation, and telephone access, all in violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## DISCUSSION

A prisoner seeking to challenge prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). The prisoner bears the burden of demonstrating that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To meet this burden the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. If the prisoner demonstrates that he cannot obtain copies of the agency's final decision, he or she must describe with specificity the steps taken to utilize the administrative appeal mechanism and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

In the present case, Israel has adequately demonstrated exhaustion on, at most, the first of his three claims. However, he acknowledges that he did not commence, let alone exhaust, his available administrative remedies with respect to his second and third claims. Thus, Israel's complaint asserts both exhausted and unexhausted claims. In such

circumstances, the complaint must be dismissed without prejudice to provide the prisoner with an opportunity to exhaust the unexhausted claims. *Jones Bey v. Johnson*, 407 F.3d 801, 806, 809 (6th Cir. 2005) (all claims in civil rights complaint must be exhausted); accord *Kozohorsky v. Harmon*, 332 F.3d 1141 (8th Cir. 2003); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Because a prisoner may not later amend his complaint to cure the failure to plead the exhaustion of administrative remedies, the complaint must be dismissed without prejudice. *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) This action is **DISMISSED**, *sua sponte*, without prejudice.

(2) This is a **FINAL** and **APPEALABLE** Order.

(3) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 17th day of February, 2006.



Signed By:
Danny C. Reeves  DCR
United States District Judge